IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. MALLES,<br>        Plaintiff | ) <br> ) <br> ) | C.A. No. 12-54 Erie |
| v. | ) <br> ) | District Judge McLaughlin <br> Magistrate Judge Baxter |
| GOVERNOR OF PENNSYLVANIA ED <br> RENDELL, or his successor, et al., <br>         Defendants. | ) <br> ) <br> ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss complaint [ECF No. 11] be granted and that this case be dismissed.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On February 23, 2012, Plaintiff James R. Malles filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Governor of Pennsylvania Ed Rendell, or his successor ("Governor"), and Attorney General Thomas Corbett, or his successor ("Attorney General").

Plaintiff claims that his transfer from a state correctional facility in Pennsylvania to a state correctional facility in Michigan violated his rights under the fifth, sixth and fourteenth amendments to the United States Constitution (ECF No. 3, Complaint, at Sections III and IV.C). In particular, Plaintiff challenge his transfer from SCI-Albion to the Muskegon Correctional Facility in Muskegon, Michigan on February 17, 2010, and his subsequent confinement at Muskegon from February 17, 2010 to May 25, 2011, when he was returned to SCI-Albion. The transfer was effectuated pursuant to the Interstate Corrections Compact, 61 Pa.C.S. § 7101, *et*

*seq.*, which was enacted to allow the transfer of inmates from a Pennsylvania state correctional facility to a correctional facility in another state, on a temporary basis, to help alleviate overcrowding in the Pennsylvania facility. As relief for his claims, Plaintiff seeks compensatory damages and "release from custody." (Id. at Section VI).

On May 25, 2012, Defendants filed a motion to dismiss complaint [ECF No. 11], asserting that Plaintiff's claims are barred by the doctrine of collateral estoppel. On June 11, 2012, Plaintiff filed an "answer" to Defendants' motion to dismiss. [ECF No. 14]. This matter is now ripe for consideration.

### B.  Standards of Review
#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact

pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read

'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Defendants contend that Plaintiff's claims should be dismissed because they are barred by the doctrine of collateral estoppel. In particular, Defendants point out that this Court recently rejected the precise claims raised here in Maines, et al., v. Rendell, et al., 1:11-cv-00070-SPB, a case in which Plaintiff was one of three named plaintiffs who challenged their transfer from SCI-Albion to the Muskegon Correctional Facility in Muskegon, Michigan ("Muskegon") on February 17, 2010.

For a party to be estopped from re-litigating an issue, the following elements must be present[1]: (1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. Wolstein v. Docteroff (In re Docteroff), 133 F.3d 210, 214 (3d Cir. 1997). "Use of the adjective 'collateral' to characterize this form of estoppel grows out of the fact that the bar of the prior adjudication is not interposed directly, by parties to the prior suit, but indirectly, by new defendants, strangers to the earlier action. Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir.

---

[1] Because the final judgment upon which Defendants' claim of collateral estoppel is based was issued by a federal court, the Third Circuit's formulation for federal collateral estoppel applies.

1972).  Here, however, Defendants were among the defendants named in Maines and, thus, are not "new defendants" seeking "collateral" estoppel.  Rather, Defendants' argument is more appropriately construed as one based upon the doctrine of claim preclusion, or *res judicata*, which "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  New Hampshire v. Maine, 532 U.S. 742, 748 (2001).

       Claim preclusion requires a final judgment on the merits in a prior suit involving the same parties, and a subsequent suit based on the same cause of action.  Kean v. Adler, 2003 WL 21205885, *6 (3d Cir. 2003), citing General Electric Co. v. Deutz Ag, 270 F.3d 144, 158 (3d Cir.2001).  "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'"  CoreStates Bank, N.A. v. Huls America, Inc, 176 F.3d 187, 194 (3d Cir. 1999), quoting United States v. Athlone Indus., 746 F.2d 977, 984 (3d Cir. 1984).  Moreover, claim preclusion bars a plaintiff from asserting a cause of action that could have been raised and decided in a prior suit.  Id., citing Board of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (1992).

       Here, as in Maines, Plaintiff is challenging the constitutionality of the DOC's transfer of Plaintiff from SCI-Albion to Muskegon on February 17, 2010, and his subsequent confinement at Muskegon from February 17, 2010 to May 25, 2011.  Both Defendants in this case were named as defendants in the Maines case, and the claims raised in the Maines case were dismissed in a final judgment on the merits. (See Order attached as Exhibit D to Plaintiff's "Answer to Defendants' Request to Dismiss," ECF No. 14 at p. 20).  Since the constitutionality of the challenged transfer to and confinement at Muskegon has already been upheld by this Court in Plaintiff's prior action against these same two Defendants, Plaintiff is precluded from having the identical claims relitigated here.  As a result, Plaintiff's claims should be dismissed based on the doctrine of *res judicata*.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss complaint [ECF No. 11] be granted and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: June 25, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge